UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAJI JEMAL LEE,<br><br>                Plaintiff<br><br>v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>                Defendants. | CIVIL ACTION NO. 1:16-CV-02154<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This matter comes before this Court upon *pro se* Plaintiff Taji Jemal Lee's motion for leave to file an amended complaint, which was filed on January 13, 2017.[1] (Doc. 25). Lee's initial complaint was filed in the Court of Common Pleas of Schuylkill County on September 9, 2016. (Doc. 1-2). The case was subsequently removed to the United States District Court for the Middle District of Pennsylvania on October 25, 2016. (Doc. 1). The events that gave rise to this action stem from a head injury that Lee sustained from a falling overhead light fixture while he was incarcerated at SCI-Mahanoy in Schuylkill County, Pennsylvania. In the original complaint, Lee brought suit against: the Pennsylvania Department of Corrections ("DOC") and DOC employees Superintendent John Kerestes, Maintenance Manager Richard P. Roller,

---

[1] "Among the District Courts within the Third Circuit, a motion to amend is generally treated as a nondispositive matter, subject to decision by the magistrate judge." *Aguiar v. Recktenwald*, No. 3:13-CV-02616, 2014 WL 6062967, at *2 n.2 (M.D. Pa. Nov. 12, 2014) (citing *Stridiron v. Mobile Paint Mfg. Co. of Del.*, No. CIV.2002/44, 2003 WL 23198843, at *1 (D.V.I. Dec. 15, 2003); *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579, (D.N.J. 2001); *Fishbein Family Partnership v. PPG Indust., Inc.*, 871 F. Supp. 764, 769 n.4 (D.N.J. 1994)), *aff'd*, No. CIV.A. 3:13-2616, 2015 WL 4066703 (M.D. Pa. July 2, 2015). Nonetheless, the Court submits a Report and Recommendation here because it also addresses the three pending motions to dismiss in this case. (Doc. 5; Doc. 9; Doc. 22).

Registered Nurse Supervisor ("RNS") Karen Holly, and Corrections Health Care Administrator ("CHCA") John Steinhart (collectively, the "DOC Defendants"); Certified Registered Nurse Practitioner Tony Iannuzzi; and Corizon Health, Inc. and Prison Health Services, Inc. (collectively, the "Health Care Contractor Defendants"). (Doc. 1-2, ¶¶ 4-11). Lee alleged that the Defendants were liable for either allowing the accident to occur or for their deficient response to his injuries. (Doc. 1-2).

In his proposed amended complaint, Lee seeks to replace the Health Care Contractor Defendants with Wexford Health Sources and Correct Care Solutions, LLC ("CCS") as Defendants in this action. (Doc. 25; Doc. 26; Doc. 28). Lee wishes to make this substitution after learning that Wexford and CCS—not the Health Care Contractor Defendants —were the contractors responsible for providing health care services for SCJ-Mahanoy at the time of Lee's injury. (Doc. 26, at 2). Additionally, the proposed amended complaint appears to abandon some of the theories of liability that were asserted in Lee's initial complaint. (Doc. 1-2, ¶¶ 48-85; Doc. 28, ¶¶ 42-54). Along with his motion, Lee also filed a brief in support thereof (Doc. 26), and a proposed amended complaint (Doc. 28). On January 18, 2017, the DOC Defendants filed a brief in opposition to Lee's motion to amend, arguing that the proposed amended complaint would be futile because it fails to cure the alleged pleading deficiencies that the DOC Defendants identified in their pending motion to dismiss. (Doc. 29). For the following reasons, it is recommended that Lee's motion to file an amended complaint be granted.

I. **STANDARD OF REVIEW**

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as

a matter of course; (2) with the opposing party's written consent; and (3) by leave of court. Fed. R. Civ. P. 15. Here, Lee seeks leave of court to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2). The Court has reviewed Lee's motion, construing it liberally. *See generally Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2002) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). However, even under this liberal standard, a motion for leave to amend may be denied when justified. "Permissible justifications [for denying leave to amend] include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995). "The Third Circuit has interpreted these factors to emphasize that prejudice to the non-moving party is the touchstone for the denial of a request for leave to amend." *Tarkett Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D. Pa. 1992) (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

## II. DISCUSSION

### A. LEE SHOULD BE ALLOWED TO AMEND HIS COMPLAINT

The DOC Defendants argue that Lee's attempt to amend his complaint should be denied as futile. (Doc. 29). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Specifically, the DOC Defendants argue that the claims raised in Lee's proposed amended complaint are meritless because they fail to cure the deficiencies raised in the DOC

Defendants' pending motion to dismiss the initial complaint. (Doc. 29). The Court notes, however, that the DOC Defendants' opposition to the proposed amended complaint is limited exclusively to claims that Lee already raised in his initial complaint. (Doc. 18; Doc. 29). Thus, the DOC Defendants do not claim that they would be prejudiced by any new claims or other potential harms specific to the proposed amended complaint. Because the DOC Defendants' objections are not particularized to the proposed amended complaint, the Court finds that these arguments "would more appropriately be considered in a[m]otion to [d]ismiss or a[m]otion for [s]ummary [j]udgment after the [a]mended [c]omplaint is filed." *Lashinsky v. Little People Day Sch.*, No. CIV. A. 982284, 1999 WL 124382, at *1 (E.D. Pa. Feb. 22, 1999). Thus, in light of Lee's *pro se* status and the lack of prejudice to the DOC Defendants, the Court finds that the proper exercise of discretion would be to permit Lee to file his proposed amended complaint. See *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

### B. MOTIONS TO DISMISS

Also pending before the Court are three motions to dismiss Lee's initial complaint, filed by the Health Care Contractor Defendants (Doc. 5), the DOC Defendants (Doc. 9), and Iannuzzi (Doc. 22). Because the Court finds that Lee's motion for leave to file an amended complaint should be granted, Defendants' motions to dismiss the initial complaint would become moot. See *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("[I]n the federal system, a defendant is required to answer the amended complaint even if the new version does not change the charges against him."); *Perry v. Borough of Middletown*, No. 1:10-CV-911, 2011 WL 549829, at *1 (M.D. Pa. Feb. 9, 2011) ("Since the complaint in this case has

been amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is now moot."); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). However, the dismissal of Defendants' motions to dismiss would be without prejudice to their ability to renew their challenges to the merits of Lee's proposed amended complaint in a later dispositive motion.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Plaintiff Taji Jemal Lee's motion for leave to file an amended complaint (Doc. 25) be **GRANTED**;

2. Each of the Defendants' motions to dismiss (Doc. 5; Doc. 9; Doc. 22) be **DISMISSED WITHOUT PREJUDICE AS MOOT**;

3. The Clerk of Court be directed to **TERMINATE** Defendants Corizon Health, Inc. and Prison Health Services, Inc. from the caption of this action; and

4. The matter be remanded to the undersigned for further proceedings.

                                                       **BY THE COURT:**

**Dated:** August 16, 2017                         *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAJI JEMAL LEE,<br><br>        Plaintiff<br><br>    v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:16-CV-02154<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 16, 2017**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: August 16, 2017                                                            s/ *Karoline Mehalchick*
                                                                                                    **KAROLINE MEHALCHICK**
                                                                                                **United States Magistrate Judge**