# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAJI JEMAL LEE, | : | Civil No. 1:16-CV-02154 |
| Plaintiff, | : | |
| v. | : | Magistrate Judge Karoline Mehalchick |
| CORIZON HEALTH, INC., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the report and recommendation of United States Magistrate Judge Karoline Mehalchick recommending that Defendants John Steinhart ("Steinhart") and Karen Holly's ("Holly") motion for summary judgment be granted as to Plaintiff Taji Jemal Lee's ("Lee") Eighth Amendment claim of deliberate indifference to serious medical needs and medical malpractice against Steinhart, and Lee's claim of medical malpractice against Holly. (Doc. 96.) Judge Mehlachick further recommends that Defendants' motion for summary judgment be denied as to Defendants' claim that Lee did not exhaust his administrative remedies and Lee's Eighth Amendment claim of deliberate indifference to serious medical needs against Holly. (*Id.*) For the reasons that follow, the court adopts the report and recommendation in full.

## PROCEDURAL HISTORY[1]

Lee's amended complaint is the operative pleading in this action and was accepted by the court on January 13, 2017. (Doc. 28.) In his complaint, Lee alleged deliberate indifference to a serious medical need and medical malpractice against Defendants Tony Iannuzzi ("Iannuzzi"), Steinhart, and Holly. (*Id.*) He also alleged claims for failure to train and corporate negligence against Defendant Correct Care Solutions, LLC. (*Id.*)

Steinhart and Holly filed a motion for summary judgment, brief in support, and statement of facts on July 3, 2019. (Docs. 78–80.) In their brief in support of their motion, Steinhart and Holly argue that Lee failed to exhaust the grievance process and, thus, judgment should be entered in their favor. (Doc 79, pp. 3–7.)[2] Further, they argue that they are not liable because Lee admitted they were not personally involved in his medical care and that they were not deliberately indifferent to Lee's serious medical needs. (*Id.* at 8–13.) Finally, they argue they are not liable for medical malpractice because Lee failed to file a proper certificate of merit regarding Lee's claims against Holly and failed to show cause in Lee's claims against Steinhart. (*Id.* at 13–15.) Lee filed a brief and affidavit in opposition to this motion on August 13, 2019. (Doc. 82, 83.)

---

[1] Because there are no objections to the procedural history set forth by Judge Mehalchick in the report and recommendation, the court recites only the necessary history here.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Judge Mehalchick issued the pending report and recommendation on January 14, 2020. (Doc. 96.) Steinhart and Holly filed timely objections and a brief in support on January 24, 2020. (Doc. 98, 99.) Lee did not file a brief in opposition to the objections. Thus, this matter is now ripe for review.

## FACTUAL BACKGROUND[3]

On September 8, 2014, a light fixture fell and struck Lee on his head while he was showering in a prison shower facility. (Doc. 96, p. 3.) After at first electing to not report to the medical facility of the prison, Lee presented himself to medical on September 12, 2014, and Iannuzzi saw him. (*Id.*) According to Iannuzzi, Lee began to yell at him and, therefore, Iannuzzi ended the visit and ordered Lee to leave. (*Id.*) According to Lee, Holly was in an office immediately next door, such that she heard the whole interaction and knew he reported a head injury. (*Id.*) Lee further claims that Holly then denied him care by telling him to follow the last order he was given. (*Id.*) Holly does not recall witnessing the interaction or telling Lee to leave. (*Id.* at 4.) On September 15, 2014, Lee returned to sick call and received a post-concussion syndrome diagnosis. (*Id.*)

On September 12, 2014, Lee filed grievance 527353 stating that he was denied medical care by a "fake doctor." (*Id.*) Holly responded to this grievance

---

[3] Lee did not file a statement of facts pursuant to Local Rule 56.1, therefore the facts in this section are from Defendants' statement of facts, as recited by the report and recommendation. (Doc. 96, p. 3.)

and contends that this response was the extent of her involvement with Lee. (*Id.*) This grievance did not go behind the initial review. (*Id.*) On September 16, 2014, Lee filed grievance 527840, complaining of being hit on the head with a light fixture and then being denied medical care based on this incident. (Doc. 81, p. 86.) Defendants assert that this grievance was appealed to final review. (*Id.* at 12.) On October 21, 2014, Lee filed grievance 534610, claiming he was seen by a physician at sick call who stopped his headache medication, gave him aspirin, and charged him $15 for the visit. (*Id.* at 5) Steinhart denied this grievance, and Lee's appeal to the Superintendent was also denied. (*Id.*) While Defendants claim that only grievance 527840 was appealed to final review, Lee claims that he appealed all grievances and the system that tracks the grievances is inaccurate. (*Id.* at 11.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is

committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

### A. The court adopts the recommendation that Defendants' motion for summary judgment be denied on the ground that Lee failed to exhaust his administrative remedies.

Judge Mehalchick concludes that Lee fully exhausted his available administrative remedies. (Doc. 96, pp. 10–13.) Judge Mehalchick reasons that while there is a factual dispute as to whether Lee fully exhausted two of his three grievances, this dispute is immaterial given the fact that Lee fully exhausted grievance 527840. (*Id.* at 12–13.) In their objection, Defendants contend that Lee did not fully exhaust his administrative remedies for two reasons. (Doc. 99, p. 9.) First, Defendants argue that Lee failed to meet his burden of production as to his

claim that he appealed all of his grievances. (*Id.*) Second, Defendants argue that although grievance 527840 was appealed to final review, Lee did not properly exhaust his administrative remedies because he never referred to Holly or Steinhart by name and this procedural default was not excused by prison officials naming the defendants in subsequent responses or appeals. (*Id.* at 9–10.)

The Supreme Court has clearly held that the Prison Litigation Reform Act ("PLRA") requires an inmate to properly exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004). The Third Circuit has held that Pennsylvania's grievance policy mandates proper identification of a defendant, such that, "in the absence of any justifiable excuse, a Pennsylvania inmate's failure to properly identify a defendant constituted a failure to properly exhaust his administrative remedies under the PLRA." *Williams v. Pa. Dep't of Corr.*, 146 F. App'x 554, 557 (3d Cir. 2005). The purpose of the stringent standard of proper exhaustion is to alert the prison officials to a problem and allow the officials to remedy this problem before it is litigated in court. *Williams v. Beard*, 482 F.3d 637, 640 (3d Cir. 2007).

However, a "procedural default" can be excused. First, a prison could excuse a procedural default by naming the defendant in subsequent appeals. *Spruill*, 372 F.3d at 234. Second, the prison can excuse a procedural default by

6

rejecting the claim on the merits. *Rinaldi v. United States*, 904 F.3d 257, 271–72 (3d Cir. 2018) ("where the prison has chosen to forgo a rejection on procedural grounds and has elected to research, analyze, and deny a claim on the merits, both the purposes of exhaustion—and exhaustion itself—are satisfied"). Therefore, when a procedurally defaulted grievance has "been 'fully examined on the merits' and 'at the highest level,'[it is], in fact, exhausted." *Id.* (citing *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000)).

Although Lee's grievance 572840 may have been procedurally defaulted, the prison excused this default by investigating the grievance on the merits at the highest level. The prison was alerted to the problems Lee was alleging and, therefore, the prison had the opportunity to remedy this problem. As a result, Lee properly exhausted his administrative remedies and the court adopts the report and recommendation in this regard.

> **B. The court adopts the recommendation that Defendants' motion for summary judgment be denied on the ground that Defendant Holly was deliberately indifferent to Lee's serious medical needs.**

Judge Mehalchick concludes that there is a genuine issue of material fact regarding Defendant Holly's deliberate indifference to Lee's serious medical needs. (Doc. 96, p. 23.) Judge Mehalchick reasons that Lee's allegations of Holly hearing his interaction with Iannuzzi and then denying him care by telling him to follow the last order given could amount to deliberate indifference to a serious

medical need. (*Id.*)  Holly objects to this conclusion for two reasons.  First, Holly argues that she was not personally involved in Lee's medical care after the accident. (Doc. 99, pp. 11–12.)  Second, Holly argues that her statement made to him after his interaction with Iannuzzi does not amount to deliberate indifference. (Doc. 99, pp. 14–15.)

The court agrees with Judge Mehalchick that there is a genuine issue of material fact as to this claim.  Deliberate indifference requires subjective knowledge that the "inmate[] faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 827 (1994).  Additionally, deliberate indifference has been found in circumstances "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Lee alleges that Holly was in the office next door and heard the argument he had with Iannuzzi.  Further, Lee alleges that he asked Holly if she heard what just happened and she directed him to follow the last order given to him.  Holly states that she does not recall this incident.  If proven true, Lee's allegations amount to deliberate indifference because Holly would have known Lee was complaining of a

8

head injury from his discussion with Iannuzzi and would have known that Iannuzzi had not administered care accordingly.  Therefore, Holly would have known of a prisoner's need for treatment, and then intentionally refused to provide such care by her statement for him to follow the last order given.  Thus, there is a genuine issue as to a material fact and the court adopts the report and recommendation regarding this issue.

### C. The uncontested portions of the report and recommendation are adopted.

Defendants do not object to Judge Mehalchick's conclusions that any requests to reopen discovery should be denied, that Steinhart's motion for summary judgment on the Eighth Amendment and medical malpractice claims be granted, and that Holly's motion for summary judgment on the medical practice claim be granted.  After giving "reasoned consideration" to these uncontested portions of the report and recommendation, the court finds that Judge Mehalchick's analysis is well-reasoned and fully supported by the record and applicable law.  *See E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017 (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).  The court will adopt these portions of the report and recommendation in full.

## CONCLUSION

For the foregoing reasons, following de novo review of the contested portions of the report and recommendation, and giving reasoned consideration to the uncontested portions, the court adopts Judge Mehalchick's report and recommendation. Accordingly, the court grants Defendants Steinhart and Holly's motion for summary judgement in part and denies the motion in part. An appropriate order will issue.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: July 15, 2020